**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

CHRISTOPHER B. WILLIAMS,

Petitioner,

v.

DWIGHT NEVENS, et al.,

Respondents.

Case No. 2:16-cv-01843-APG-NJK

**ORDER**

Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Christopher B. Williams (ECF No. 1-1).  His application to proceed *in forma pauperis* shall be granted (ECF No. 1).

It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Further, a properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

Williams indicates on his petition that his direct appeal was decided in October 2013, and that his appeal from the denial of his state postconviction petition was decided on December 3, 2014 (ECF No. 1-1, p. 1).  Williams' federal action commenced on August 3, 2016, over six hundred days later, and well outside of the AEDPA one-year statute of limitations.

Williams failed to indicate on the form petition the case number of the judgment of conviction he seeks to challenge.  However, this court may take judicial notice of the Nevada state-court dockets, and it appears that remittitur for the affirmance of the denial

of his state postconviction petition actually issued on August 20, 2015.  Case No. 67079.  It appears from the filings in that case that about 280 days of untolled time elapsed after Williams' conviction was affirmed before he filed his state postconviction petition.  *See id.*, state district court order dated March 5, 2015.  About 350 days then elapsed from the time that remittitur issued on order affirming the denial of Williams' state postconviction petition—August 20, 2015—and the date that this federal habeas action was opened—August 3, 2016.  Thus, it appears that more than six hundred days of untolled time elapsed before Williams submitted his federal petition, well past the one-year AEDPA statute of limitations.[1]

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2009); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Therefore, the petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.  The court notes that Williams alleges in his petition that his counsel for trial and direct appeal failed to turn over his file to Williams.  However, Williams presented this same argument to the state courts, yet at the same time he was also able to file a *pro se* state postconviction petition that was adjudicated on the merits.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation

---

[1] A federal habeas petition is deemed filed from the date that petitioner dispatched the petition to prison personnel for mailing.  However, Williams failed to indicate that date on his petition.  He signed and dated the petition July 10, 2016.  Even assuming that he dispatched his petition for mailing on July 10, the 24-day difference would not make the petition timely.

or that he is entitled to equitable tolling of the time period.  He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner fails to demonstrate that the petition was timely filed or that he is entitled to equitable tolling of the time period the court will enter an order dismissing the petition.

DATED: 14 October 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE