1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                 **DISTRICT OF NEVADA**

8                                            * * *

9      CHRISTOPHER B. WILLIAMS,              Case No. 2:16-cv-01843-APG-NJK

10                               Petitioner,          **ORDER**
            v.
11
       DWIGHT NEVEN, et al.,
12
                               Respondents.
13

14          This *pro se* petition habeas matter pursuant to 28 U.S.C. § 2254 is before the

15   court on the court's order directing petitioner Christopher B. Williams to show cause and

16   file proof to demonstrate that the federal petition was timely submitted (ECF No. 4).

17   Williams and respondents both filed responses to the order (ECF Nos. 5, 9).

18   Respondents concede that Williams' federal petition appears to have been timely filed

19   (ECF No. 9), and they provided the relevant portion of the state-court record (ECF No.

20   10).  Accordingly, the court has now reviewed the petition pursuant to Habeas Rule 4

21   and directs that the respondents file a responsive pleading.

22          A petition for federal habeas corpus should include all claims for relief of which

23   petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be

24   forever barred from seeking federal habeas relief upon that claim.  *See* 28 U.S.C.

25   §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his

26   petition, he should notify the court of that as soon as possible, perhaps by means of a

27   motion to amend his petition to add the claim.

28

                                            1

1

2          Petitioner has also submitted a motion for appointment of counsel (ECF No. 2).

3   There is no constitutional right to appointed counsel for a federal habeas corpus

4   proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999

5   F.2d 425, 428 (9th Cir.1993).  The decision to appoint counsel is generally

6   discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481

7   U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469

8   U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case

9   are such that denial of counsel would amount to a denial of due process, and where the

10  petitioner is a person of such limited education as to be incapable of fairly presenting his

11  claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th

12  Cir.1970).  Here, Williams' petition is clear in presenting the issues that he wishes to

13  raise, and the legal issues are not particularly complex.  Therefore, counsel is not

14  justified at this time.  Williams' motion is denied.

15          **IT IS THEREFORE ORDERED** that respondents shall file a response to the

16  petition, including potentially by motion to dismiss, within **ninety (90) days** of service of

17  the petition, with any requests for relief by petitioner by motion otherwise being subject

18  to the normal briefing schedule under the local rules.  Any response filed shall comply

19  with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

20          **IT IS FURTHER ORDERED** that any procedural defenses raised by respondents

21  in this case shall be raised together in a single consolidated motion to dismiss.  In other

22  words, the court does not wish to address any procedural defenses raised herein either

23  *in seriatum* fashion in multiple successive motions to dismiss or embedded in the

24  answer.  Procedural defenses omitted from such motion to dismiss will be subject to

25  potential waiver.  Respondents shall not file a response in this case that consolidates

26  their procedural defenses, if any, with their response on the merits, except pursuant to

27  28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If

28  respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall

do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is **DENIED**.

DATED: December 16, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3